* Johnson, J.
 

 — There is a ground on which this -* judgment ought to be reversed, leaving untouched the question of the constitutionality of the judiciary act, so far as it relates to the jurisdiction of the . county, courts. We ought not. to pass upon the ^ ^question - of. the constitutionality. of-.a statute, unless the determination of the point is' necessary to the determination of the cause. Indeed, we cannot, if we would, so pass upon it, as to render our decision efficient as authority, when there is another and clear ground on which our judgment may be supported.
 

 The 30th section of the judiciary act provides, that the county courts- shall have jurisdiction “to hear, try and determine, according to law, the following actions, when all of the defendants, at the time of commencing the action, reside in the county in which said court is held; actions of debt,
 
 assumpsit
 
 and covenant, when the debt or damages claimed shall not exceed two thousand dollars,” &c. This county court is not a court of-general jurisdiction, as was the old court of common -pleas;-on the contrary,- it is a new court, with
 
 &
 
 limited, statutory jurisdiction, To all such courts- the-rule universally applies, that their jurisdiction must appear upon the record.
 
 (Turner
 
 v.
 
 Bank of North America,
 
 4 Dall. 8.) In this cáse, it does not appear upon the record, that the defendant was, at the time the suit was commenced, a resident of the county of Columbia; This being a jurisdictional fact, and- not averred upon the record, the judgment must be reversed.
 

 Judgment reversed.
 

 Welles ánd Edmonds, JJ., dissented.