Bradley, J.
The action was brought in the county ■court. The complaint did not allege that the defendants were residents of the county; and for that reason the demurrer to the complaint was sustained, and the judgment for the defendant thereon affirmed by this court. The question was whether the fact of residence, which is requisite to the support of the action, is a necessary allegation of the complaint or is the subject of defense.
In Frees v. Ford (6 N. Y., 176), the court held that it must appear by the record. That action was commenced in 1848 in the county court of Columbia county and the declaration did not allege the residence of the defendants in the county. And to the defendants’ pleas to the declaration the plaintiff demurred. The court of appeals overruled the demurrer and directed judgment for the defendants because the jurisdictional fact of residence of the defendants in the county did not appear‘by the record. In other words the court overruled the plaintiffs’ demurrer "because the declaration was bad for such omission of allegation. Mathewson v. Weller, 3 Denio, 52; People v. Booth, 32 N. Y., 397. That case is authority in support of "the defendants’ contention, as the statute, so far as relates to this question, was then substantially the same as now.
The case of Frees v. Ford does not seem to have been ■overruled by the court in which it was decided, directly or by the declaration of a principle adversely to it, by any case to which our attention has been called. . That case was followed by the general term of the old fourth department, in Judge v. Hall (5. Lansing, 69), which was at least criticised by the court in Holbrook v. Baker (16 Hun, 176). The doctrine of the Frees case is in harmony with the rule of the courts of the United States. They are courts of limited jurisdiction, and when such jurisdiction depends upon the citizenship of different states of the parties, the fact requisite to give jurisdiction in that respect, it is held, must appear on the face of the record. Continental Ins. Co. v. *251 Rhoads, 119 U. S., 237; Pieper v. Fordyce, id., 469. And as we construe Frees v. Ford and its effect there is no occasion to grant this motion for re-argument. But in view of the apparent conflict of the the Judge and Holbrook cases, this case presents a question which perhaps may with propriety be considered by the court of appeals if the plain-desires to take it there.
The motion for re-argument should be denied, and for leave to appeal to the court of appeals granted.
Smith, Ch. J., and Haight, J., concur.