Albert Gilbert, Jr., et al., Appellants, *v.* Warren D. York et al., Respondents.

The presumption is that a court of limited and inferior jurisdiction is without jurisdiction when the jurisdictional facts are not alleged in a complaint in an action therein.

Under the provision of the state Constitution, as amended in 1873 (art. 6, § 15), and under the provision of the Code of Civil Procedure (§ 340), defining the jurisdiction of County Courts, they are courts of limited and inferior jurisdiction, and so are affected by such presumption.

In an action, therefore, in a County Court to recover a money judgment, an averment in the complaint that the defendant is a resident of the county is necessary. The provision of said Code specifying what must be averred in a complaint (§ 481) is not exclusive.

The omission of such an averment is, under said Code, a ground for demurrer, as the defect appears upon the face of the complaint. (§ 488.)

(Argued November 27, 1888; decided December 11, 1888.)

Appeal from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made October 22, 1886, which affirmed a judgment of the County Court of Chautauqua county, in favor of defendants, entered upon a demurrer to the complaint. (Reported below, 41 Hun, 594.)

The action was upon a money demand.

The complaint did not allege that defendants were residents of the county. The demurrer was, in substance, that the complaint did not state facts showing jurisdiction of the persons of the defendants or of the cause of action, and did not state facts constituting a cause of action.

*John Woodward* for appellants. A complaint in a County Court is not demurrable, where it does not appear affirmatively on its face that the defendants reside within the county where the action is brought. (Code of Civil Pro. §§ 488, 518, 3447, subd. 4; *People* v. *Petrea*, 92 N. Y. 145.) By the terms of section 488 the mere absence of facts showing jurisdiction is not made a ground of demurrer. (*Holbrook* v. *Baker*, 16 Hun, 176; *Phœnix Bk.* v. *Donnell*, 40 N. Y. 410; *Heenan* v. *N. Y., W. S. & B. R. R. Co.*, 34 Hun, 602; *Van Dusen*

v. *Sweet*, 51 N. Y. 385.)   It is a physical and moral absurdity to insert in a complaint an allegation that " at the time of the commencement of the action the defendants reside within the county."   (Code of Civil Pro. §§ 316, 340 ; subd. 3, § 419.)

*J. G. Record* for respondents.   When pleading in a court of inferior or limited jurisdiction, the complaint must show, by proper allegations, every fact necessary to show the plaintiff's right to have his claim adjudicated in a court which does not possess general, original jurisdiction, but which, for certain reasons, he has selected as the court ; if he omits those allegations, his complaint does not state facts sufficient to constitute a cause of action, nor does the court have jurisdiction of the person or subject-matter of the action. (*Frees* v. *Ford,* 6 N. Y. 176 ; *Judge* v *Hall,* 5 Lans. 69 ; *Continental Ins. Co.* v. *Rhodes,* 119 U. S. 237 ; *Piper* v. *Fordyce,* Id. 469 ; *McCormick* v. *Penn. R. R. Co.,* 49 N. Y. 303 ; *Burns* v. *O'Neil,* 10 Hun, 494 ; *Dake* v. *Miller,* 15 id. 358 : *Hamburger* v. *Baker,* 35 id. 356.)

ANDREWS, J.   The case of *Frees* v. *Ford* (6 N. Y. 176) is a decisive authority upon the question presented in this record, unless the rules of pleading prescribed in the Code of Civil Procedure have changed the rule declared in that case, so that it is now unnecessary in an action brought in a County Court for the recovery of a money judgment, that the complaint should aver the jurisdictional fact that the defendant at the time of the commencement of the action is a resident of the county in which it is brought.   The Constitution of 1846, ordained that the County Courts in the several counties, except New York, " shall have such jurisdiction in cases arising in Justices' Courts, and in special cases, as the legislature may prescribe, but shall have no original civil jurisdiction, except in such special cases."   By the thirtieth section of the judiciary act of 1847, passed in assumed execution of this constitutional authority, jurisdiction was conferred on the County Courts, of actions of debt, assumpsit

and covenant, where the debt or damages claimed shall
not exceed $2,000, "when all of the defendants at the
time of commencing the action shall reside in the county in
which such court is held." The action of *Frees* v. *Ford* was
commenced after the passage of the judiciary act, but before
the enactment of the Code of 1848. The complaint in that
case did not aver that the defendant resided in the county,
and the defendant interposed a plea to the jurisdiction, and
the plaintiff demurred to the plea, the intention of the parties
being to present in this form, for the determination of the court,
the question of the constitutionality of the thirtieth section of
the judiciary act, the precise point being whether an act of the
legislature, conferring jurisdiction on the County Courts in
certain classes of common-law actions, limited only in respect of
the amount claimed, and the residence of the defendant, made
the actions specified, special cases, within the Constitution of
1846. The constitutionality of the act was affirmed by the
County Court and at the General Term, but when the case came
to this court the judges declined to pass upon the constitutional
question, but, applying the rule that on demurrer judgment
must go against the party who committed the first fault in
pleading, reversed the judgment of the courts below on the
ground that, assuming the constitutionality of the thirtieth
section of the judiciary act, nevertheless, the complaint was
fatally defective because it did not aver that the defendant
resided in the county at the commencement of the action.
The court in assigning the reasons for its judgment said, "the
County Court is not a court of general jurisdiction, as was the
old Court of Common Pleas ; on the contrary, it is a new court
with a limited statutory jurisdiction. To all such courts the
rule universally applies, that their jurisdiction must appear on
the record." In this way the court avoided deciding in that
case the constitutional question raised, but it was afterwards
decided in *Kundolf* v. *Thalheimer* (12 N. Y. 593).

The rule declared in *Frees* v. *Ford,* that the residence
of the defendant in the county is a jurisdictional fact which
must be averred in a complaint in an action in the

County Court, brought under the judiciary act of 1847, would seem to be equally applicable to an action brought since the constitutional amendment of 1873, and the enactment of section 340 of the Code of Civil Procedure, defining the jurisdiction of County Courts. The amendment of 1873 declares that the County Courts shall have original jurisdiction in all cases where the defendants reside in the county, in which the damage claimed shall not exceed $1,000. This language, and that of section 340 of the Code, so far as relevant to the present inquiry, is substantially the same as the thirtieth section of the judiciary act of 1847, and if an averment of residence of the defendant in the county was essential under the act of 1847, the mere fact that the jurisdiction of County Courts is now defined by the Constitution, but in language substantially identical with the language of that act, would not seem to furnish a sufficient reason for changing the rule of pleading.

But the counsel for the plaintiff relies upon sections 481, 488 and 498 of the Code of Civil Procedure, and especially upon section 488, defining the causes of demurrer, in support of his contention that in an action in the County Court an averment in the complaint of the residence of the defendant within the jurisdiction is no longer necessary. Section 481 is the general section, applicable to both the Supreme and County Court, specifying what a complaint must contain, and there is no specification which requires any averment as to the residence of the parties. But the prescription in this section, of matters which must be averred in the complaint, is not in terms exclusive. Section 488 authorizes a defendant to demur to a complaint where one or more of eight objections specified " appear upon the face thereof," and among these objections are objections to the jurisdiction. Section 498 authorizes the objections specified in section 488 to be taken by answer where they do not appear on the face of the complaint. It is insisted that it does not appear on the face of the complaint that the defendant, at the commencement of the action, was not a resident of the county in which the action was

brought, and that this jurisdictional fact may exist, although not stated therein, and consequently that the absence of jurisdiction not being disclosed on the face of the pleading, the complaint is not demurrable under section 488, and that the case is one where the objection should be taken by answer under section 498. This argument is not without plausibility or force. But when we recur to the principle upon which the validity of judgments of courts of limited or inferior jurisdiction is determined, we think it may fairly be held that the sections of the Code referred to do not affect the rule declared in *Frees* v. *Ford*. In *Peacock* v. *Bell* (1 Saund. 73), it is said that "nothing shall be intended to be without the jurisdiction of a Superior Court but that which specially appears to be so; and, on the contrary, nothing shall be intended to be within the jurisdiction of an inferior court but that which is so expressly alleged." This statement of the rule has been frequently approved. The rule has been applied in many cases in the Supreme Court of the United States to test the validity of judgments rendered in the Circuit Courts of the United States. The jurisdiction of those courts of suits between individuals is made, by the act of Congress of 1789, to depend upon the alienage of one of the parties, or upon the fact that the plaintiff is a citizen of the state where the suit is brought, and the defendant a citizen of another state. The Circuit Courts of the United States, although not inferior courts, are courts of limited jurisdiction. It has been uniformly held that the record of a judgment of a Circuit Court must affirmatively show the existence of the jurisdictional fact, and that, unless the contrary appears by the record, the presumption is that the case was without its jurisdiction, and it is further held that the question may be raised for the first time on error, and if on examination it is found that the record is silent as to the jurisdictional fact, the judgment will be reversed. (*Stanley* v. *Prest.*, etc., 4 Dallas, 8; *Robertson* v. *Cease*, 97 U. S. 646; *Grace* v. *Ins. Co.*, 109 id. 283; *Continental Ins. Co.* v. *Rhodes*, 119 id. 237.) It was upon

this principle that the case of *Frees* v. *Ford* was decided. We are not aware of any case in this state which controverts the general rule, that in a direct proceeding to review a judgment of a court of limited and inferior jurisdiction the record must show affirmatively that the court had jurisdiction, or else the judgment will be set aside. *Frees* v. *Ford* is an authority that the presumption that the inferior court is without jurisdiction when the jurisdictional facts are not alleged in the complaint, prevails on demurrer. What courts are to be regarded as courts of limited jurisdiction, so that their proceedings shall be affected by the presumption stated, is a question not always free from difficulty. (*People* v. *Bradner*, 107 N. Y. 1). But that County Courts, as now organized, are of that description, is a conclusion which seems to follow from the case of *Frees* v. *Ford*. Construing the complaint in this action in view of the legal presumption, it follows that, there being no allegation therein as to the residence of the defendant, there is not simply an absence of any information in the complaint, one way or the other, as to the fact, but an affirmative presumption, from its silence upon the point, that the defendant was not a resident of the county when the action was commenced, and, therefore, the fact does appear on the face of the complaint that the County Court did not acquire jurisdiction, an objection which was properly taken by demurrer. The argument, derived from the rules of pleading established by the Code, does not satisfy us that the legislature intended to abrogate the presumption to which we have adverted, nor do we think that the fact that the jurisdiction of County Courts, of common-law actions like the present one, is now prescribed in the Constitution itself, and is not dependent upon the statute, takes the case out of its operation. They are still courts of limited jurisdiction within the case of *Frees* v. *Ford*.

These views lead to an affirmance of the judgment.

All concur.

Judgment affirmed.