(5 Misc. Rep. 95.)

PECK v. DICKEY et al.

(Rockland County Court. September 5, 1893.)

1. PLEADING—JURISDICTIONAL FACTS—COUNTY COURTS.
   County courts are of limited jurisdiction, and therefore, in actions therein, the jurisdictional facts must be alleged.
2. COUNTY COURTS—JURISDICTION—RESIDENCE OF DEFENDANTS.
   Code Civil Proc. § 340, subd. 3, gives county courts jurisdiction in certain cases where defendants are, "at the time of the commencement of the action, residents of the county, and wherein the complaint demands judgment for a sum of money only, not exceeding $1,000; or to recover one or more chattels the aggregate value of which does not exceed $1,000." *Held*, that the requirement as to residence does not apply where the action is to recover chattels.

Action by Richard W. Peck against George Dickey and August Zuber to recover possession of certain chattels. Defendants demurred to the complaint, on the grounds (1) that it did not state a cause of action; (2) that the court did not have jurisdiction of the subject-matter of the action; and (3) that the court did not have jurisdiction of the persons of defendants. Overruled.

Arthur S. Tompkins, for plaintiff.
George A. Wyre, for defendants.

WEIANT, J. This is an original action in the county court to recover the possession of certain chattels alleged in the complaint to be of the value of $400, and wherein judgment is demanded for the possession of the property, and for the value thereof in case a delivery cannot be had, and damages to the amount of $800. The complaint contains no allegation as to the place of residence of the defendants. To this complaint the defendants demurred, on the grounds that the complaint does not state facts sufficient to constitute a cause of action; that the court has not jurisdiction of the subject-matter of the action; and that the court has no jurisdiction of the persons of the defendants. Upon the trial of the issues of law thus raised, the only point urged to sustain the demurrer was that the plaintiff, in order to show the jurisdiction

of the court, is bound to allege that the defendants were residents of the county at the time of the commencement of this action. The county court is a court of limited jurisdiction, and, that being so, it is requisite that the plaintiff, in his complaint, should allege the facts necessary to show the jurisdiction of the court. The presumption is that a court of inferior jurisdiction is without jurisdiction when the jurisdictional facts are not alleged in the complaint in an action therein, (Gilbert v. York, 111 N. Y. 544, 19 N. E. Rep. 268;) and county courts are affected by such presumption, (Id.) In the case cited, which was an action to recover a money judgment, it was held, upon demurrer, that an averment in the complaint that the defendant is a resident of the county is necessary, and that the omission of such averment is, under the Code, a ground for demurrer, as the defect appeared on the face of the complaint. Such is the law as laid down by the highest court of this state, and, if applicable to this case, the demurrer is well taken. It therefore becomes necessary to inquire and determine whether or not there is any distinction between that case and this.

The jurisdiction of county courts is prescribed by section 340 of the Code of Civil Procedure. It is there enacted that "the jurisdiction of each county court extends to the following actions and special proceedings in addition to the jurisdiction * * * conferred * * * by special statutory provision." Subdivision 3 of that section provides for an action of this class. The jurisdiction of county courts is there extended "to an action for any other cause where the defendant is, or, if there are two or more defendants, where all of them are, at the time of the commencement of the action, residents of the county, and wherein the complaint demands judgment for a sum of money only, not exceeding one thousand dollars; or to recover one or more chattels the aggregate value of which does not exceed one thousand dollars, with or without damages for the taking or detention thereof." If the words, "where the defendant is, or, if there are two or more defendants, where all of them are, at the time of the commencement of the action, residents of the county," are applicable to an action to recover chattels, then the case of Gilbert v. York, supra, is decisive of this, and the demurrer is well taken. I have been unable, after thorough search, to find any authority wherein this point has received consideration. The question, therefore, comes to me for determination without the aid of other judicial or legal authority or consideration. It is clear that, under subdivision 3 of the section of the Code cited, the legislature intended to bestow jurisdiction over two different and separate classes of actions, and therein specified them as one for "a sum of money only," not exceeding $1,000, and the other "to recover chattels," the aggregate value of which shall not exceed that sum. It would seem that it was the intention to provide for each class of actions in the separate parts of the subdivision, completely and distinctly, and independently of the other, in like manner as if a distinct subdivision had been enacted to cover each class. As to the first class,

jurisdiction is conferred where the defendant is, or defendants are, all residents of the county, and the complaint demands judgment for a sum of money only; as to the second, where the action is to recover chattels, the value of which does not exceed the sum also prescribed. The two classes are separately and distinctly specified by phraseology and punctuation. If it were the intention of the legislature to bring both classes of actions within all the terms of the whole subdivision as to residence and otherwise, would not the words as to residence of the defendants, or words expressing like requirements, have been most probably added as to the latter class of action? In the other subdivisions of this section 340, jurisdiction is conferred where the situs of the property is within the county, and the residences of the parties are not made essential; and such has been the determination of the courts. Is it not reasonable to assume that in this class of cases the same intent prevailed, in the enactment of subdivision 3, as in such other subdivisions where the jurisdiction is made to rest upon the situs of the property, or upon its situs and value? It may be noted that in each of the other subdivisions of this section of the Code each class of cases is separately and distinctly provided for, and each, as here, separated by a semicolon, indicating the disconnection of the classes. In subdivision 1, several classes are specified, and then the words "where the real property to which the action relates, is situated within the county," are added after all. That makes it perfectly clear that the location of the property applies to each class of actions thereinbefore enumerated, and without consideration of the place of residence of the parties. If the matter of residence was intended to apply to both classes of actions specified in subdivision 3, why not have added the words "in like manner as to residence," at the foot of the subdivision, thus making it equally clear as in subdivision 1? Again, at the close of subdivision 1, jurisdiction is given of an action to foreclose a lien upon a chattel, where the lien does not exceed $1,000 in amount, "and the chattel is found within the county." The situs of the chattel and the value are made the essentials to jurisdiction, and not the residence of the parties, or either of them. Is it not quite in accord to assume that the same intent prevailed in the use of like words in subdivision 3, where the contrary is not manifested by clear expression? If it were the intention to have the provision as to residence of the defendants apply in an action of this class, is it not reasonable to infer that the phraseology and arrangement of words as the same appear in subdivision 1 would have been followed, the classes of actions being all enumerated, and then the specific essential or essentials added, applying to all? Following the construction of subdivision 1 in the formation of subdivision 3, and we should have expected it to read as follows:

"To an action for any other cause wherein the complaint demands judgment for a sum of money only, not exceeding $1,000, or to recover one or more chattels the aggregate value of which does not exceed that sum, with or without damages, * * * where the defendant is," etc., "at the time of the commencement of the action, a resident of the county."

Still, further, if the requirement as to residence is to apply to an action of this class, would not the construction or formation and the language have been differently written? We find the words "to recover" at the beginning of the sentence providing for cases of this class; and these evidently must be carried back to the beginning of the subdivision, and there connected, and read after the words "to an action," and the provision is then complete as to the class of actions to recover chattels. If that be not so, then why use those words "to recover?" Would it not have been just as appropriate, and more specific and clear, to have continued after the words "dollars," at the end of the provision as to the first class of actions, and then added "or where the complaint demands the recovery of one or more chattels," etc., to the end. It may also be observed how specifically the requirement as to either the residence of the parties or the situs of the property, or both, is prescribed in each class of proceedings designated in subdivision 4 of this same section. Throughout the whole section, the requisite essentials of jurisdiction are particularly specified for each class of cases, and it is not probable that the legislature intended to depart from this exactness as to this one class of actions.

Another circumstance, I think, may be invoked to sustain the construction of this subdivision of the Code for which I have advanced the foregoing suggestions. The provision of the Code as to the place of trial of actions discloses a purpose therein to recognize a distinction between local and transitory actions. It is based upon the subject-matter of the action, where the action is brought to recover money only, and does not involve the title, disposition, or possession of property. The county of the residence of one or the other of the parties is generally made the county of trial, but where such interest in, disposition, or possession of, property is the purpose of the action, the residence of the parties is not considered material. It seems that such a distinction was in mind in framing such provisions of the Code, and it may well be that in enacting this section 340 thereof, as to the jurisdiction of county courts, a like intention prevailed. The case of Burns v. O'Neil, 10 Hun, 495, cited by the defendants' counsel, is not in conflict with the construction adopted. That was an action for money only, and as to such an action it is clearly settled, as we have seen, that the complaint must allege the residence of the defendants to be within the county. The demurrer is accordingly overruled, with the privilege to the defendants of answering, upon payment of the trial fee.