(28 Misc. Rep. 151.)

## TYROLER v. GUMMERSBACH.

(Supreme Court, Appellate Term.   June 28, 1899.)

MUNICIPAL COURT OF NEW YORK—JURISDICTION—APPEAL—RECORD.
  In an action for the recovery of money only, brought in the municipal court of the city of New York, the failure of the record to show the jurisdictional fact that defendant resided in the county is fatal to the judgment, although the objection is made for the first time on appeal.

Appeal from municipal court, borough of Manhattan, Ninth district.
  Concurring opinion. For majority opinion see 59 N. Y. Supp. 266.
  Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Martin O'Brien, for appellant.
Julius Lehman, for respondent.

MacLEAN, J. The important point in this case is the objection, taken for the first time on this appeal, that the record is silent as to the residence of the defendant, who contends that such jurisdictional fact must appear, and that its absence is fatal to the judgment. The action was brought for the recovery of money only, in a court, not of general, but of limited, statutory jurisdiction, and "to all such courts the rule universally applies that their jurisdiction must appear upon the record" (Frees v. Ford, 6 N. Y. 176, 178), and will not be presumed as in case of courts of general jurisdiction. "The circuit courts of the United States, although not inferior courts, are courts of limited jurisdiction. It has been uniformly held that the record of a judgment of a circuit court must affirmatively show the existence of the jurisdictional fact, and that, unless the contrary appears by the record, the presumption is that the case was without its jurisdiction; and it is further held that the question may be raised for the first time on error, and, if on examination it

is found that the record is silent as to the jurisdictional fact, the judgment will be reversed. Turner v. President, etc., 4 Dall. 8; Robertson v. Cease, 97 U. S. 646; Grace v. Insurance Co., 109 U. S. 283, 3 Sup. Ct. 207; Insurance Co. v. Rhoads, 119 U. S. 237, 7 Sup. Ct. 193. It was upon this principle that the case of Frees v. Ford was decided. We are not aware of any case in this state which controverts the general rule that, in a direct proceeding to review a judgment of a court of limited and inferior jurisdiction, the record must show affirmatively that the court had jurisdiction, or else the judgment will be set aside." Gilbert v. York, 111 N. Y. 544, 548, 549, 19 N. E. 268. The court in which this action was brought has been held to be a new inferior local court not of record, created by the legislature under article 6, § 18, of the constitution. "The legislature, by virtue of article 6, sections 17 and 18, of the constitution, had power to create such a new court, provided it was made a local inferior court not of record. This we hold to be the character of the municipal court." In re Schultes, 33 App. Div. 524, 532, 54 N. Y. Supp. 34. The constitution, under article 6, § 18, provides that "inferior local courts of civil and criminal jurisdiction may be established by the legislature, but no inferior local court hereafter created shall be a court of record. The legislature shall not hereafter confer upon any inferior or local court of its creation any equity jurisdiction or any greater jurisdiction in other respects than is conferred upon county courts by or under this article." That is, the legislature may create inferior local courts not of record, but is expressly prohibited from conferring upon such courts "any greater jurisdiction than is conferred upon county courts" by the constitution itself. And section 14 of the same article provides that county courts shall have "original jurisdiction in actions for the recovery of money only, where the defendants reside in the county"; and this the legislature may not extend. "In other words," say the appellate division of this department in Irwin v. Railway Co., 57 N. Y. Supp. 21, "the framers of the constitution did not intend to permit local courts to grow up into courts of general jurisdiction, even within the locality wherein they were situated. The legislature was prohibited from establishing a local court of record; nor could it confer upon any local court of its creation any equity jurisdiction; and then, in order that it might not give such courts general jurisdiction in actions at law, the constitution restricted the jurisdiction which might be conferred in other respects to that which was conferred upon county courts by the instrument." In Irwin v. Railway Co., supra, the question involved was as to the constitutionality of the act creating the municipal court of the city of New York, and extending its jurisdiction over more than one county, and the appellate division decided that the act was not in such respect unconstitutional, saying:

"It cannot be that after using language which was well understood, and had been distinctly interpreted to give the legislature the right to establish inferior local courts as part of a new system of government, it was intended to restrict that power by reference to the territorial jurisdiction conferred upon county courts, but rather to restrict their jurisdiction as to subject-matter and persons, and not as to locality. * * * There might, perhaps, be some force in the argu-

ment that the framers of the constitution had in mind the territorial jurisdiction of the county courts, if county lines were immutable, and were not the subject of change at the will of the legislature. County lines have no more dignity than, and are as subject to the action of the legislature as, any of the other territorial divisions of the state, such as towns, villages, and cities." And at the close of its opinion the court says: "It may be that, in the act creating the municipal court, jurisdiction may have been attempted to be conferred which contravenes the constitution; but there is no infirmity in the scheme creating the court which renders the whole of the provision in respect thereto void and of no effect."

In that case the court admits the intention of the framers of the constitution to restrict the legislature, in the exercise of the power of conferring jurisdiction, "as to subject-matter and persons"; and in the present case the question, not merely of the jurisdiction of the person, but of the cause of action itself, is distinctly involved. Whatever, and however extensive, be the scope of the jurisdiction conferred by section 1370 of the Greater New York charter upon the municipal court of the city of New York, a new local inferior court, and whatever extension or restriction of jurisdiction of county courts may be attempted by the legislature within and in accordance with constitutional permission (article 6, § 14), in at least one respect, viz. in actions in county courts for the recovery of money only, there is an express restriction placed by the constitution upon legislative action, which, under section 18 of article 6, applies as expressly and unmistakably to new local inferior courts, and that is that in such actions the defendant must be a resident of the county, and jurisdiction therein is placed beyond reach of extension by the legislature. The residence of the defendant being a jurisdictional fact, and incapable of being consented to or waived, it matters not when the objection is raised, neither appearance nor answer to the merits concluding the defendant; the jurisdictional fact being a prescribed limitation upon the power of the court. As was said by the court of appeals in Burckle v. Eckhart, 3 N. Y. 133, 137:

"When jurisdiction of the subject and person is required as a prerequisite to judicial action, a defendant may waive any irregularities in the mode by which his person is sought to be subjected to the jurisdiction of the court. * * * That is all that is meant by consent giving jurisdiction of the person."

And in Davidsburgh v. Insurance Co., 90 N. Y. 526, 530, the same court said:

"There are, no doubt, many cases where the court having jurisdiction over the subject-matter may proceed against a defendant who voluntarily submits to its decision; but, where the state prescribes conditions under which a court may act, those conditions cannot be dispensed with by litigants, for in such a case the particular condition or status of the defendant is made a jurisdictional fact."

This being an action for the recovery of money only, brought in the municipal court of the city of New York, and the residence of the defendant, being a prerequisite condition, and so a jurisdictional fact, neither appearing nor averred upon the records, the judgment must be reversed. Frees v. Ford, 6 N. Y. 176, 178.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event.