*Per Curiam.* The record failing to show that the defendant resides within the jurisdiction of the Municipal Court, the judgment must be reversed. Tyroler v. Gummersbach, 28 Misc. Rep. 151.

Present: FREEDMAN, P. J.; MacLEAN and LEVENTRITT, JJ.

Judgment reversed and new trial ordered, with costs to appellant to abide event.

---

THE R. H. WOLF & Co. (Limited), Respondent, *v.* EDWARD RITT et al., Appellants.

APPEAL by the defendants from a judgment rendered in favor of the plaintiff in the Municipal Court, ninth district, borough of Manhattan.

Isidor Cohn, for appellants.

Francis D. Haines, for respondent.

*Per Curiam.* The record in this case is silent as to the residence of the defendants at the time the action was begun, and the judgment herein is assailed upon that ground by the appellants. The judgment must, therefore, be reversed. Tyroler v. Gummersbach, 28 Misc. Rep. 151.

Present: FREEDMAN, P. J.; MacLEAN and LEVENTRITT, JJ.

Judgment reversed and new trial ordered, with costs to appellants to abide event.

---

ANTONIO DE SISTO, Respondent, *v.* JOHN STIMMEL, Appellant.

APPEAL by the defendant from a judgment rendered in favor of the plaintiff in the Municipal Court, second district, borough of Manhattan.

Wilder & Anderson, for appellant.

John Palmieri, for respondent.

*Per Curiam.* The record failing to show that the defendant resides within the jurisdiction of the Municipal Court, the judgment must be reversed. Tyroler v. Gummersbach, 28 Misc. Rep. 151.

Present: FREEDMAN, P. J.; MACLEAN and LEVENTRITT, JJ.

Judgment reversed and new trial ordered, with costs to appellant to abide event.

---

## CITY COURT OF NEW YORK, GENERAL TERM, NOVEMBER, 1899.

NATHAN HUTKOFF, Appellant, *v.* THE PENNSYLVANIA RAILROAD Co., Respondent.

APPEAL from a judgment entered on a verdict in favor of plaintiff and from an order denying a motion for new trial.

Robinson, Biddle & Ward (Henry Galbraith Ward, of counsel), for appellant.

Nathan, Leventritt & Perham (Frederic E. Perham, of counsel), for respondent.

FITZSIMONS, Ch. J. The action was to recover the value of a case of plate glass shipped to the plaintiff over the defendant's road from Creighton, Pennsylvania, to New York city, about August 19, 1895.

The glass contained in the case was found, upon its arrival, to be shattered and totally valueless. The evidence clearly showed that the glass was in good condition when it was placed in the defendant's charge, and that the breakage must have occurred while it was in its custody. The provision in the bill of lading that the carrier shall not be liable for any loss or damage by breakage, does not exempt the carrier from the consequences of its own negligence. Canfield v. Baltimore & Ohio R. R. Co., 93 N. Y. 532; Mynard v. Syracuse, B. & N. Y. R. R. Co., 71 id. 180; Holsapple v. Rome, W. & O. R. R. Co., 86 id. 275. Fifteen other cases of glass formed part of the same shipment and arrived in good order and condition. The one in suit would have so arrived, unless negli-