In re SCHARMANN.

(Supreme Court, Appellate Division, First Department.   March 9, 1900.)

1. CLERK OF CITY COURT—AUTHORITY TO ENTER JUDGMENT.
     Code Civ. Proc. §§ 420, 1212, providing that in actions for breach of an express contract, if defendant has made default in appearing, and plaintiff has proven service of process, etc., the clerk must enter final judgment in his favor, gives the clerk no authority to enter judgment for plaintiff in an action for unliquidated damages without application to the court.

2. JUDGMENT—VALIDITY—SERVICE.
     Where a judgment against an administratrix in the city court was void because the record failed to show service of process on her, and a petition to compel her to pay it in the surrogate court did not allege

service of process on her in the original action, an order of the surrogate directing payment of the judgment was erroneous.

Appeal from surrogate's court, New York county.

Application by Julius Scharmann for a decree directing payment of his judgment by Sophia Blust, administratrix of Gustav Froeschle, deceased. From a surrogate's decree for petition, the administratrix appeals. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Otto H. Droege, for appellant.
Howard A. Sperry, for respondent.

INGRAHAM, J. The respondent presented to the surrogate a petition alleging that the petitioner's assignor recovered a judgment against the appellant, as administratrix, in the city court of New York, for the sum of $2,020.50, no part of which has been paid, and asking that the administratrix be compelled to pay such judgment. The appellant answered this petition by denying the allegations therein, except her appointment as administratrix, and upon this petition and answer the proceedings came on before the surrogate. The judgment roll in the city court, which is annexed to the petition, was offered in evidence, and was objected to by the administratrix upon the ground that there was no proof of the service of the summons and complaint upon the original defendant; that there was no proof of such service upon the substituted defendant; and that the substituted defendant could not be in default until a complaint had been served upon her. There was no proof annexed to the judgment roll that there had been service of the summons in that action upon any one. Such judgment roll consisted of the summons and complaint; an order reciting the death of the original defendant, substituting this appellant as his administratrix, and authorizing the substituted defendant to answer the complaint, with proof of service of this order upon the appellant; an affidavit of the plaintiff's attorney that no answer, demurrer, or notice of appearance had been served or received in pursuance of the requirements of the summons in said action or of the order; and a judgment entered by the clerk for the amount claimed in the complaint, with interest and costs. The action was for unliquidated damages, and the entry of judgment by the clerk without application to the court was unauthorized. Code Civ. Proc. §§ 1212, 420. It is not alleged in the petition, however, that this summons was ever served upon this appellant, or that she was ever required, either by a summons or an order, to answer the complaint. Nor does the judgment entered recite such service. It recites the service upon the original defendant more than six days prior to the entry of the judgment and the making of the order continuing the action, and that no answer, demurrer, or appearance had been received. It would seem that the court was without jurisdiction to enter a judgment against this appellant because of a failure to answer or appear. To give validity to a judgment of a court of special and limited jurisdiction,

all the facts necessary to give the court jurisdiction as well over the subject-matter of the suit as of the parties must appear in the record. Frees v. Ford, 6 N. Y. 176.

It follows that the order appealed from must be reversed, with costs, and the application denied, with costs. All concur.