right to such relief, a peremptory mandamus should accordingly issue against the respondent Porter, compelling him to surrender the books and property. It was urged in opposition to the motion that the writ should not issue because of the pendency of the appeal to the appellate division from the order of November 6th. It is unnecessary, however, to consider this, which was in the nature of an appeal to the discretion of the court, for the reason that since the argument the appeal has been decided by an affirmance of the order.

Motion granted.

---

### DUNICAN v. CONFORTI et al.

(Supreme Court, Appellate Term. March 5, 1900.)

NEW YORK MUNICIPAL COURT—RECORD—RESIDENCE OF DEFENDANTS—JURISDICTION—APPEAL—REVERSAL.

Where the record fails to show the residence of the defendants, a judgment of the New York City municipal court will be reversed on appeal, since it is a court of limited jurisdiction.

Appeal from municipal court, borough of the Bronx, Second district.

Action by John W. Dunican against Nicholas Conforti and others. From a judgment of the New York municipal court in favor of plaintiff, defendants appeal. Reversed.

Argued before TRUAX, P. J., and DUGRO and SCOTT, JJ.

Adolph Cohen, for appellants.
Foley, Wray & Taylor, for respondent.

PER CURIAM. The record fails to disclose the residence of the defendants. The judgment is therefore reversed, and a new trial ordered in the municipal court in the district in which the action was brought, without costs. See Tyroler v. Gummersbach, 28 Misc. Rep. 151, 59 N. Y. Supp. 266, 319.

---

### HITT v. SIMON et al.

(Supreme Court, Appellate Term. March 5, 1900.)

NEW YORK MUNICIPAL COURT—RECORD—RESIDENCE OF DEFENDANTS—JURISDICTION—APPEAL—REVERSAL.

Where the record fails to show the residence of the defendants, a judgment of the New York City municipal court will be reversed on appeal, since it is a court of limited jurisdiction.

Appeal from municipal court, borough of Manhattan, Tenth district.

Action by Adrian Hitt against Samuel Simon and others. From a judgment in favor of plaintiff, defendants appeal. Reversed.

Argued before TRUAX, P. J., and DUGRO and SCOTT, JJ.

Nathan Bijur, for appellants.
Denis O'Sullivan, for respondent.

PER CURIAM    The record fails to disclose the residence of the defendants. The judgment is therefore reversed, and a new trial ordered in the municipal court in the district in which the action was brought, without costs. See Tyroler v. Gummersbach, 28 Misc. Rep. 151, 59 N. Y. Supp. 266, 319.

---

(49 App. Div. 114.)

### In re MAYOR, ETC., OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. March 9, 1900.)

1. MUNICIPAL CORPORATIONS—STREETS—CONDEMNATION—ASSESSMENT OF DAMAGES.

Where commissioners appointed to assess the damages sustained from the taking of private property for a public street had not completed their valuations before January 1, 1898, when the charter of the city of New York took effect, their assessment for the benefits of such improvement was properly limited to one-half the value of the property as valued by them, as required by said charter, instead of one-half the value as valued by the tax commissioners.

2. SAME—INTEREST.

Greater New York Charter, § 990, providing that, in condemnation proceedings instituted by the "board of public improvements," the commissioners appointed to assess damages for the property taken by the city shall allow the property owner interest on their award from the date of the vesting of title in the city to the date of the commissioners' report, "as a part of the compensation to which the owner is entitled," does not apply to such proceedings instituted under the consolidation act before the new charter became a law.

Appeal from special term.

In the matter of the application of the mayor, aldermen, and commonalty of the city of New York relative to the opening of 175th street. From an order of the special term overruling objections to the confirmation of the report of the commissioners appointed to assess damages for said street opening (62 N. Y. Supp. 45), the city of New York appeals. Modified and affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and PATTERSON, JJ.

John P. Dunn, for appellant.

Henry G. Atwater, Joseph A. Flannery, Ernest Hall, James A. Deering, and Charles V. Gabriel, for appellees.

BARRETT, J.    We have here once more, though in another form, the questions which were presented in Re Mayor, etc., of City of New York, 40 App. Div. 452, 58 N. Y. Supp. 100. They arise under somewhat different circumstances. In the case referred to, the commissioners had completed their valuations before the 1st day of January, 1898, when the present charter of the city of New York took effect. We held that they were not thereafter bound to recommence and make new valuations upon the principles prescribed by the present charter. In the proceedings at bar, the commissioners had not completed their valuations before the 1st day of January, 1898. There were but three hearings prior to that