In the Matter of the Application of JULIUS SCHARMANN, Respondent, for a Decree Directing Payment of his Judgment by SOPHIA BLUST, as Administratrix, etc., of GUSTAV FROESCHLE, Deceased, Appellant.

*Judgment roll which does not contain proof of the service of the summons — it does not authorize an order that an administratrix pay the judgment.*

A judgment roll, filed in an action brought in the City Court of New York, consisted of the summons and complaint, an order which recited the death of the original defendant and substituted his administratrix and authorized the latter to answer the complaint; proof of the service of this order upon the administratrix; an affidavit of the plaintiff's attorney that no answer, demurrer or

notice of appearance had been served or received, and a judgment against the administratrix entered by the clerk, although the action was one for unliqui·dated damages in which a judgment could not be entered without application to the court. There was no proof annexed to the judgment roll that the summons had been served upon the original defendant or the administratrix. The judgment, however, recited that service was made upon the original defendant more than six days prior to the entry of the judgment, of which there was no proof, and the making of the order continuing the action, but did not recite service upon the administratrix.

*Held*, that the record did not show that the court had jurisdiction to enter judgment against the administratrix, and that an order directing her to pay such judgment, made upon a petition which did not allege that the summons was ever served upon her or that she was ever required, either by summons or an order, to answer the complaint, was improper.

APPEAL by Sophia Blust, as administratrix, etc., of Gustav Froeschle, deceased, from a decree of the Surrogate's Court of New York county, entered in said Surrogate's Court on the 10th day of November, 1899, directing her to pay to Julius Scharmann the sum of $1,764.45 on account of a judgment entered in the City Court of New York on the 24th day of May, 1894, for the sum of $2,020.50.

*Otto H. Droege*, for the appellant.

*Howard A. Sperry*, for the respondent.

INGRAHAM, J.:

The respondent presented to the surrogate a petition alleging that the petitioner's assignor recovered a judgment against the appellant as administratrix in the City Court of New York for the sum of $2,020.50, no part of which has been paid, and asking that the administratrix be compelled to pay such judgment. The appellant answered this petition by denying the allegations therein, except her appointment as administratrix, and upon this petition and answer the proceedings came on before the surrogate. The judgment roll in the City Court, which is annexed to the petition, was offered in evidence and was objected to by the administratrix upon the ground that there was no proof of the service of the summons and complaint upon the original defendant; that there was no proof of such service upon the substituted defendant, and that the substituted defendant could not be in default until a complaint had been served

upon her. There was no proof annexed to the judgment roll that there had been service of the summons in that action upon any one. Such judgment roll consisted of the summons and complaint; an order reciting the death of the original defendant, substituting this appellant as his administratrix and authorizing the substituted defendant to answer the complaint, with proof of service of this order upon the appellant; an affidavit of the plaintiff's attorney that no answer, demurrer or notice of appearance had been served or received in pursuance of the requirements of the summons in said action or of the order, and a judgment entered by the clerk for the amount claimed in the complaint, with interest and costs. The action was for unliquidated damages, and the entry of judgment by the clerk without application to the court was unauthorized. (Code Civ. Proc. §§ 420, 1212.)

It is not alleged in the petition that this summons was ever served upon this appellant or that she was ever required, either by a summons or an order, to answer the complaint. Nor does the judgment entered recite such service. It recites the service upon the original defendant more than six days prior to the entry of the judgment, of which, however, there was no proof, and the making of an order continuing the action, and that no answer, demurrer or appearance had been received. It would seem that the court was without jurisdiction to enter a judgment against this appellant because of a failure to answer or appear. To give validity to a judgment of a court of special and limited jurisdiction, all the facts necessary to give the court jurisdiction as well over the subject-matter of the suit as of the parties, must appear in the record. (*Frees* v. *Ford*, 6 N. Y. 176.)

It follows that the order appealed from must be reversed, with costs, and the application denied, with costs.

VAN BRUNT, P. J., RUMSEY, PATTERSON and O'BRIEN, JJ., concurred.

Order reversed, with costs, and application denied, with costs.