(27 Misc. Rep. 205.)

### RIESER v. CHARLES F. PARKER & CO.

(Supreme Court, Appellate Term. April 21, 1899.)

JURISDICTION OF MUNICIPAL COURT—GREATER NEW YORK CHARTER.

Greater New York Charter, § 1364, in so far as it confers jurisdiction on the municipal court in an action for the recovery of money only against a foreign corporation, is void, as in violation of Const. art. 6, § 18, providing that the legislature shall not hereafter confer on local or inferior courts greater jurisdiction than is thereby conferred on the county courts, and section 14, providing that county courts shall not have jurisdiction, in an action for the recovery of money only, where a person not a resident of the county is a defendant.

Appeal from municipal court, borough of Manhattan, Eighth district.

Action by Emile Rieser against Charles F. Parker & Co. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Stickney, Spencer & Ordway, for appellant.
Story & Stratton, for respondent.

MacLEAN, J.  It appearing in this action (one for the recovery
of money only) that the defendant was a corporation created by and
under the laws of the state of New Jersey, and therefore not a
resident of the county of New York, objection was made that the
court below (the municipal court of the city of New York), being,
as has been held in Re Schultes, 33 App. Div. 524, 54 N. Y. Supp.
34, a local, inferior court, created since the adoption of the present
constitution, had not jurisdiction of the defendant, because it is
provided in the constitution (article 6, § 18), "The legislature shall
not hereafter confer upon any local or inferior court of its creation
*  *  *  any greater jurisdiction  *  *  *  than is conferred up-
on county courts by or under this article," and county courts have
not, and so are expressly prohibited from having, such jurisdiction,
in that the constitution (Id. § 14) further provides "that their juris-
diction shall not be so extended as to authorize an action therein
for the recovery of money only  *  *  *  in which any person not
a resident of the county is a defendant."

The objection was well taken, notwithstanding that the Greater
New York charter (section 1364) has ordained that "the said munic-
ipal court has jurisdiction in  *  *  *  an action against  *  *  *
a foreign corporation having an office in the city of New York."
By its very creation in and by the state of New Jersey, the defend-
ant was made a resident of, and domiciled within, that state, from
which it was incapable of passing personally.  Plimpton v. Bige-
low, 93 N. Y. 598.  In so far as it confers upon the municipal court
jurisdiction in an action for the recovery of money only against a
foreign corporation, section 1364 of the Greater New York charter
is unconstitutional, and therefore nugatory.  The judgment should
be reversed.

Judgment reversed, with costs to the appellant.  All concur.