to guess and speculate. While it seems that, in the case of articles of constant and daily use, usable value, being well known and readily ascertained, constitutes a proper element of damage (Redmond v. Manufacturing Co., 121 N. Y. 415, 24 N. E. 924; Allen v. Fox, 51 N. Y. 562; Iron Works v. Hurlbut, 158 N. Y. 40, 52 N. E. 665), the loss sustained by the deprivation must not be left to conjecture.

As there must be a reversal we deem it unnecessary to pass upon the very close question whether or not there was contributory negligence, and we shall therefore leave it to a new trial to clarify the rather confusing testimony as to distances. The judgment will be reversed.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.

---

HEIMERDINGER v. AMERICAN MFG. CO.

(Supreme Court, Appellate Term. June 28, 1899.)

JURISDICTION OF MUNICIPAL COURTS—FOREIGN CORPORATIONS.
    A municipal court has no jurisdiction of an action for the recovery of money against a foreign corporation.

Appeal from municipal court, borough of Manhattan, Third district.

Action by Joseph C. Heimerdinger against the American Manufacturing Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Arthur H. Van Brunt, for appellant.
David M. Neuberger, for respondent.

LEVENTRITT, J. It appearing affirmatively by the record that the defendant is a foreign corporation, the judgment must be reversed, as the municipal court had no jurisdiction. Rieser v. Parker, 27 Misc. Rep. 205, 57 N. Y. Supp. 745.

Judgment reversed, with costs to the appellant. All concur.