(28 Misc. Rep. 275.)

### PEOPLE ex rel. UNITED STATES GRAND LODGE OF ORDER OF BRITH ABRAHAM v. PAYN.

(Supreme Court, Special Term, Albany County. July, 1899.)

1. REINCORPORATION OF MUTUAL BENEFIT SOCIETY—FILING OF DECLARATION AND STATEMENT—DUTY OF SUPERINTENDENT—MANDAMUS.

Under Insurance Law, art. 7, § 231 (Laws 1892, c. 690), giving to any mutual benefit fraternity incorporated under the laws of the state the right to reincorporate by filing with the superintendent of insurance a declaration and sworn statement, as required by law, providing that the superintendent shall file said declaration and statement, and refer the same to the attorney general for his certificate of conformity and approval, and upon return thereof the superintendent shall record the same, with the certificate of the attorney general, in his office, and deliver to such corporation a certified copy of the papers so recorded, together with his license to carry on the work of a fraternal beneficiary society, the filing of the declaration and statement is a ministerial duty of the superintendent, and may be compelled by mandamus.

2. SAME—USE OF FORMER NAME.

Under General Corporation Law, § 6 (Laws 1892, c. 687), providing that a corporation formed by reincorporation may have the same name as the corporation to whose franchise it has succeeded, an incorporated mutual benefit fraternity has the right to the use of its original name on reincorporation under Insurance Law, art. 7, § 231 (Laws 1892, c. 690), providing that any mutual benefit fraternity incorporated under the laws of the state may reincorporate.

3. SAME—MANDAMUS.

Where the superintendent of insurance refuses to file the declaration and statement on reincorporation on the ground that the name of the petitioner is similar to that of an association already recognized by the insurance department, he may be compelled so to do by mandamus.

Application by the people, on the relation of United States Grand Lodge of the Order of Brith Abraham, against Louis F. Payn, for a peremptory writ of mandamus to compel the latter, as superintendent of insurance, to file the declaration and statement presented to him by the petitioner, and refer the same to the attorney general for his certificate. Application granted.

H. M. Goldfogle (T. E. Hancock, of counsel), for relator.
John C. Coyne, opposed.

CHESTER, J.    This is an application for a peremptory writ of
mandamus to compel the respondent, as superintendent of insurance,
to file the declaration and statement presented to him by the peti-
tioner, and refer the same to the attorney general for his certificate
under section 231 of article 7 of the insurance law (Laws 1892, c. 690).
The purpose of the petitioner is to procure a reincorporation under
the law.    It appears that the petitioner was organized in the year
1859, and continued as an unincorporated association until 1888,
when it was duly incorporated as a mutual benefit fraternity under
the name of the United States Grand Lodge of the Order of Brith
Abraham.    In the year 1887 some of the members of this body with-
drew from the order, and instituted what is known as the Independent
Order of Brith Abraham, which was incorporated under that name
February 7, 1887.    The latter body was reincorporated under the
provisions of section 231 of the insurance law on August 2, 1894.
The petitioner, desiring to also reincorporate itself, prepared its
declaration in all respects as required by section 231, and requested
the respondent, pursuant to that section, to file the same, and refer
the same to the attorney general for his certificate of conformity and
approval.    The respondent has refused this request on the ground
that the Independent Order of Brith Abraham had been recognized by
the insurance department, and that the similarity of names would be
misleading and confusing to the public.    It is urged here in support
of the determination of the superintendent that, under the statute,
he has a discretion to perform, the exercise of which cannot be con-
trolled by mandamus.    As I read the statute, the duty of the super-
intendent in this respect is a ministerial one.    The statute provides,
with reference to reincorporation of existing fraternities (article 7,
§ 231), that any mutual benefit fraternity incorporated under the laws
of the state may reincorporate under the provisions of the chapter by
filing with the superintendent a declaration and sworn statement as
required by the section.    No question is made here as to the suf-
ficiency of the statement and declaration.    The statute in the same
section then proceeds:

"The superintendent shall file said declaration and statement, and refer the
same to the attorney-general for his certificate of conformity and approval,
and upon the return thereof the superintendent shall record the same with the
certificate of the attorney-general in his office, and deliver to such corporation,
association or society a certified copy of the papers so recorded, together with
his license to carry on the work of a fraternal beneficiary society, order or
association as proposed in such declaration.    Upon filing the same in the office
of the clerk of the county wherein the principal office for the transaction of
its business is located, it shall thereupon be duly incorporated under the provi-
sions of this article."

There is nothing in this section conferring any discretion upon the
superintendent with reference to the filing of such declaration and
statement, and the reference of the same to the attorney general, but
the language of the section is peremptory that the superintendent
shall file such declaration and statement, and refer the same to the

attorney general.    While section 6 of the general corporation law
(Laws 1892, c. 687) provides that "no certificate of incorporation of
a proposed corporation having the same name as an existing domestic
corporation, or a name so nearly resembling it as to be calculated to
deceive, shall be filed or recorded in any office for the purpose of
effecting its incorporation," the same section provides that "a corpo-
ration formed by the reincorporation, reorganization or consolidation
of other corporations, or upon a sale of the property or franchise of
a corporation, may have the same name as the corporation or one of
the corporations to whose franchises it has succeeded." So here
is the express legislative authority giving this existing corporation
the right to the use of its original name upon reincorporation.    This
authority, together with the right given by section 231 of the in-
surance law to any incorporated mutual benefit fraternity to rein-
corporate under its provisions, and the legislative mandate requir-
ing the superintendent to file the declaration and statement required
by law, and to refer the same to the attorney general, indicates clearly
to my mind that the respondent has misconstrued the law in denying
to the petitioner the right to have its declaration filed and referred to
the attorney general.    The peremptory mandamus prayed for is
granted, but, as there is nothing to indicate that the refusal of the
superintendent was not made in good faith, it should be without
costs.

Application granted, without costs.