(28 Misc. Rep. 577.)

PHILLIP SEMMER GLASS CO., Limited, v. NASSAU SHOW-CASE CO.

(Supreme Court, Appellate Term. July 26, 1899.)

1. MUNICIPAL COURTS—JURISDICTION.
    The municipal court of the city of New York, county of New York, has no jurisdiction over a corporation having its principal place of business in Kings county.
2. SAME—WAIVER.
    Plaintiff resided in district 1 in New York county, and defendant resided in Kings county. Plaintiff brought the action in district 3, New York county, and defendant moved to have it transferred to district 1. *Held*, that this transfer at the instance of defendant did not estop it from subsequently setting up the want of jurisdiction over it as a resident of Kings county.

Appeal from municipal court, borough of Manhattan, First district.

Action by the Phillip Semmer Glass Company, Limited, against the Nassau Show-Case Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Frederick W. Mattocks, for appellant.
Theo. W. Morris, Jr., and Frederick J. Moses, for respondent.

LEVENTRITT, J.  Each of the parties is a domestic corporation. The principal place of business of the plaintiff is in the county of New York, borough of Manhattan, First district.  The principal place of business of the defendant is in the county of Kings.  This action was commenced in the municipal court, borough of Manhattan, Third district.  On the return of the summons it appeared that neither corporation had its principal place of business within that district, and that plaintiff's principal place of business was located within the First district of the borough of Manhattan.  On the defendant's motion the cause was transferred for trial to the latter district.  The pleadings were verified.  The answer did not challenge any of the allegations of the complaint, but set up as a sole defense that the defendant was a domestic corporation "having its office and principal place of business in the borough of Brooklyn and county of Kings."  The answer was overruled, as containing no defense, and judgment was awarded the plaintiff.

We are constrained to hold that this was error, and that the answer contained a sound plea to the jurisdiction of the court.  The defendant should have been permitted to offer proof to show that its principal place of business was in the county of Kings, and thus establish its residence in that county.  On such proof the court would have been without jurisdiction.  Under the recent decisions of this court we have held that the exercise of jurisdiction by the municipal court of the city of New York is in all things measured by and limited to that possessed by the county courts (Rieser v. Parker, 27 Misc. Rep. 205, 57 N. Y. Supp. 745), and that, as the latter courts have no jurisdiction over nonresidents of the county in which they are respectively located, the municipal court of the city of New York, borough of Manhattan, has no jurisdiction over a nonresident of the county of New York.  Tyroler v. Gummersbach (Sup.) 59 N. Y. Supp. 266.  The defendant corporation is a nonresident of the county of New York.  Const. 1895, art. 6, § 14; Code Civ. Proc. § 341; Heenan v. Railroad Co., 34 Hun, 602.  Its residence, so far as the county courts are concerned, is limited to the county in which its principal place of business is located; and, that being the county of Kings, it is a nonresident, so far as the jurisdiction of the municipal court is concerned, of the county of New York.  We fail to appreciate any conflict between these views and those expressed by the appellate division of this department in the case of Irwin v. Railway Co., 38 App. Div. 253, 57 N. Y. Supp. 21.  It was there held that the municipal court act was not unconstitutional because it extended the jurisdiction of the court over more than one county, and that the limitation in the constitution was intended to restrict jurisdiction "as to subject-matter and persons, and not as to locality."  38 App. Div., at page 260, 57 N. Y. Supp. 25.  In the case at bar the question involved is one of person.  The transfer of the cause at the instance of the defendant could not affect the situation.  The court could not acquire, by consent or waiver, jurisdiction forbidden by law.  The judgment must therefore be reversed.

As the question decided on this appeal, as also the questions involved in the two recent decisions of this court upon which this opin-

ion is predicated, present novel points of law, and affect a large number of litigants, a provision may be inserted in the order to be entered granting leave to appeal to the appellate division.

Judgment reversed, with costs to the appellant. All concur.