(28 Misc. Rep. 581.)

LAKE GENEVA ICE CO. v. SELVAGE.

(Supreme Court, Appellate Term. July 26, 1899.)

MUNICIPAL COURTS.

There is nothing in the constitution restricting the county court from entertaining an action by a nonresident corporation, and therefore the municipal court having similar jurisdiction can entertain such an action.

Appeal from municipal court, borough of Manhattan, Second district.

Action by the Lake Geneva Ice Company against Walter Selvage. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

W. C. Beecher and Samuel Scoville, Jr., for appellant.
William B. Ellison and Oliver B. Goldsmith, for respondent.

PER CURIAM. In an action to recover damages for breach of contract, the complaint was dismissed upon the ground that the court was without jurisdiction, as the plaintiff was a foreign corporation. The justice regarded the case of Rieser v. Parker, 27 Misc. Rep. 205, 57 N. Y. Supp. 745, as controlling his decision. That view is based upon a misconception of the scope of that authority. That case has reference only to a foreign corporation defendant. It was there held that the attempt by the legislature to grant jurisdiction to the municipal court over a foreign corporation defendant was unconstitutional, as it bestowed powers in excess of those possessed by the county courts, by which the jurisdiction of the municipal court is limited. The municipal court can have no jurisdiction over a nonresident defendant, because the county courts have none. There is nothing in the constitution restricting the county courts from entertaining the action of a nonresident plaintiff, and, in the absence of constitutional prohibition, those courts would have had jurisdiction over nonresident defendants. Irwin v. Railway Co., 38 App. Div. 253, at page 255, 57 N. Y. Supp. 21. The judgment must be reversed.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event.