PEOPLE ex rel. UNITED STATES GRAND LODGE OF ORDER OF BRITH ABRAHAM, Respondent, v. PAYN, Appellant. (Supreme Court, Appellate Division, Third Department. September 27, 1899.) Proceedings by the people, on the relation of the United States Grand Lodge of the Order of Brith Abraham, against Louis F. Payn. No opinion. Order affirmed, with $10 costs and disbursements. See 59 N. Y. Supp. 851.

PEOPLE'S TRUST CO., Respondent, v. HARMAN et al., Appellants. (Supreme Court, Appellate Division, Second Department. October 10, 1899.) Action by the People's Trust Company, as substituted trustee, etc., against Jacob Harman and others. No opinion. Order resettled, so as to grant plaintiff its taxed costs out of the fund.

PIERCE, Appellant, v. MONROE COUNTY, Respondent. (Supreme Court, Appellate Division, Fourth Department. October 13, 1899.) Action by Jane Pierce against Monroe county. No opinion. Order affirmed, with costs.

PIERCE, Respondent, v. PARRISH et al., Appellants. (Supreme Court, Appellate Division, Fourth Department. October 13, 1899.) Action by George W. Pierce against Emma E. Parrish and another. No opinion. Judgment affirmed, with costs. All concur, except ADAMS and McLENNAN, JJ., not voting.

In re PORT CHESTER ST. RY. CO. (Supreme Court, Appellate Division, Second Department. October 20, 1899.) In the matter of the application of the Port Chester Street-Railway Company for the appointment of commissioners, etc. No opinion. Motion for reargument denied. 60 N. Y. Supp. 160.

POWERS, Plaintiff, v. BOLZ, Defendant. (Supreme Court, Appellate Division, Second Department. October 20, 1899.) Action by Hugh Powers, an infant, by Michael Powers, his guardian ad litem, against Jacob Bolz, doing business under the name of the Foerster Company. No opinion. The appellant having stipulated as directed by the court, the proceedings on order appealed from are stayed indefinitely.

QUINN, Appellant, v. KENNY, Respondent. (Supreme Court, Appellate Division, Second Department. October 10, 1899.) Action by Frank Quinn, by James Quinn, his guardian ad litem, against John D. Kenny. No opinion. Judgment reversed on argument, and new trial granted; costs to abide the event.

REITMAN, Respondent, v. NEULANDER et al., Appellants. (Supreme Court, Appellate Term. October 25, 1899.) Action by Albert Reitman against Morris Neulander and Edward Roth. There was judgment for plaintiff, and defendants appeal. Reversed. Henry L. Franklin, for appellants.

PER CURIAM. It appears affirmatively in the record that the defendant Neulander is a resident of the county of Kings, while the residence of the defendant Roth is not disclosed. Under our recent decisions (Tyroler v. Gummersbach, 28 Misc. Rep. 151, 59 N. Y. Supp. 266, 319; Philip Semmer Glass Co. v. Nassau Show-Case Co., 28 Misc. Rep. 577, 59 N. Y. Supp. 530), the court had no jurisdiction over the defendant Neulander, and could not render judgment against the defendant Roth without proof of his residence in the county of New York. The judgment must be reversed. Judgment reversed absolutely as to the defendant Neulander, with costs to him, and reversed, and a new trial ordered, as to the defendant Roth, with costs to him to abide the event.

REITMAN, Respondent, v. NEULANDER, et al., Appellants. (Supreme Court, Appellate Term. October 25, 1899.) Action by Albert Reitman against Morris Neulander and others. There was judgment for plaintiff, and defendant Neulander appeals. Reversed. Henry L. Franklin, for appellant.

PER CURIAM. The record in this case, as in that of Reitman v. Neulander (decided at this term) ubi supra, shows that the defendant Neulander, who alone appeals, is a resident of the county of Kings. The municipal court, borough of Manhattan, Fourth district, was therefore without jurisdiction of the person of the defendant, and the judgment must consequently be reversed. Tyroler v. Gummersbach, 28 Misc. Rep. 151, 59 N. Y. Supp. 266, 319; Philip Semmer Glass Co. v. Nassau Show-Case Co., 28 Misc. Rep. 577, 59 N. Y. Supp. 530. Judgment reversed, with costs to appellant.