(40 Misc. Rep. 698.)

#### LEHIGH & N. E. R. CO. v. AMERICAN BONDING & TRUST CO.

(Supreme Court, Appellate Term.   May, 1903.)

1. MUNICIPAL COURT—JURISDICTION—FOREIGN CORPORATIONS.

Const. art. 6, § 18, prohibiting the creation of any inferior local court having equity jurisdiction, or any greater jurisdiction in other respects than is conferred on county courts, is not violated by Municipal Court Act, § 1, subd. 18 (Laws 1902, p. 1489, c. 580), giving such court jurisdiction in cases against foreign corporations having offices in New York City, as the act merely confers the jurisdiction had by the local courts which are thereby consolidated into the Municipal Court.

2. FOREIGN CORPORATIONS—RIGHT TO SUE—CONDITIONS PRECEDENT.

A foreign corporation can maintain an action on a contract made in the state without alleging that it has received the certificate from the state required by Laws 1892, p. 1805, c. 687, § 15, if no objection is raised by the pleadings.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Lehigh & New England Railroad Company against the American Bonding & Trust Company on an attachment bond. From a judgment for plaintiff, defendant appeals.   Affirmed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and TRUAX, JJ.

Jonathan Deyo, for appellant.
William B. McNiece, for respondent.

GILDERSLEEVE, J.   An action was brought in the Supreme Court by one Annie E. Distler against the plaintiff herein, the Lehigh & New England Railroad Company, in which action the said Distler obtained an attachment.   The defendant herein, the American Bonding & Trust Company, was the surety on the undertaking given on said attachment by said Distler.   The attachment was vacated, and the defendant in the said Supreme Court action, the said Lehigh & New England Railroad Company, brought this action on the undertaking given on said attachment against the said American Bonding & Trust Company, as surety, for the damages sustained by reason of such attachment.   The justice gave judgment for the plaintiff.

Both the plaintiff and the defendant are foreign corporations.   The defendant's appeal is based solely on the claims (1) that the Municipal Court had no jurisdiction, because the defendant is a foreign corporation; and (2) that plaintiff has not shown that it has complied with the requirements of section 15 of the general corporation act (Laws 1892, p. 1805, c. 687), which provides that, before a foreign corporation is entitled to maintain any action in this state upon any contract made by it in this state, it must procure from the Secretary of State a certificate, etc.   In support of its first contention the defendant relies upon the cases of Rieser v. Parker & Co., 27 Misc. Rep. 205, 57 N. Y. Supp. 745, and Lake Geneva Ice Co. v. Selvage, 28 Misc. Rep. 581,

¶ 2. See Corporations, vol. 12, Cent. Dig. § 2647.

59 N. Y. Supp. 544, where the Appellate Term of this court held that, although the Legislature conferred upon the Municipal Court jurisdiction of an action against a foreign corporation for the recovery of money only, such act of the Legislature violated sections 14 and 18 of article 6 of the Constitution of 1894, and was void. The defendant further urges that, as the want of jurisdiction extends to the subject-matter of the action, no waiver of the jurisdictional defects exists, nor could jurisdiction be conferred by consent; and that, therefore, the question may be raised on appeal, even if it was overlooked at the trial. Parkhurst v. Rochester Machine Co., 65 Hun, 489, 20 N. Y. Supp. 395. In support of the second ground, urged for reversal, the defendant's counsel refers to the conceded fact that plaintiff has neither alleged in the complaint nor proved at the trial that it has obtained the certificate mentioned in the said section of the general corporation law. We will discuss the two grounds urged by defendant in the order presented by the defendant's counsel.

The Municipal Court act, in section 1, subd. 18 (Laws 1902, p. 1489, c. 580), provides that the Municipal Court has jurisdiction in a case against a foreign corporation if the latter has an office in the city of New York. It is conceded that defendant has an office in this city. In the case of Worthington v. London Guarantee & Accident Co., 164 N. Y. 81, 58 N. E. 102, the highest court in this state held that the provision of the statute "that the Municipal Court shall have jurisdiction of a foreign corporation having an office in the city of New York does not violate the Constitution of the state of New York, but merely confers upon the Municipal Court the jurisdiction which has been exercised for many years by the local tribunals consolidated in that court." The doctrine, therefore, of the cases of Rieser v. Parker & Co. and Lake Geneva Ice Co. v. Selvage, relied upon by the defendant's counsel, has been disapproved by a higher tribunal, and is unavailing here. The first ground urged by defendant's counsel is untenable.

Assuming that we could hold that this action was brought on a contract made by plaintiff in this state, within the meaning of the general corporation act, we would still be unable to find any merit in defendant's contention that it was incumbent on the plaintiff to allege in the complaint, and to prove as a preliminary requisite and as part of the affirmative case, that it had procured the said certificate. In the case of Parmele Co. v. Haas, 171 N. Y. 583, 64 N. E. 440, the Court of Appeals held as follows:

"When a foreign corporation brings a suit in the courts of this state, and states a good cause of action in the complaint, it will be assumed that it is rightfully in the state and properly in court until the contrary is made to appear. The question is one merely of pleading or procedure, and it does not go to the substance of the plaintiff's claim. Compliance with this statute was no part of the plaintiff's case, which was to be affirmatively stated. * * * The defendant may waive the provisions of this statute, and defend the action brought against him upon the merits, and, unless he elects to defend or raise some question under the statute by some affirmative act or pleading, the court will simply look at the cause of action as stated. * * * That objection, if the defect appears upon the face of the complaint, must be taken by demurrer. If it does not appear upon the face of the complaint, it may be taken by answer. If not taken either by demurrer or answer, it is deemed to have been waived."

In the case at bar the pleadings in no way raise the objection under discussion, and it must be held to have been waived. The judgment must be affirmed, with costs.

Judgment affirmed, with costs. All concur.