BERNARD DOUGLIS, Respondent, *v.* NEW YORK, CHICAGO & ST. LOUIS RAILROAD COMPANY, Appellant.

First Department, November 17, 1939.

*Allen McCarty* of counsel [*Donald B. Riker* with him on the brief; *Davisson, McCarty & Lockwood,* attorneys], for the appellant.

*Nathan Canter,* for the respondent.

TOWNLEY, J.  Plaintiff attempted to commence this action in the Municipal Court by leaving a copy of the summons, together with a copy of an order for substituted service, at a local branch office in New York.  The defendant is a domestic corporation having its principal place of business in Buffalo.

This appeal presents only one question, namely, the manner in which substituted service of a summons issued out of the Municipal Court of the City of New York must be made upon a domestic corporation in order to be valid.  Section 21 of the Municipal Court Code of the City of New York provides for service of the summons " within the city."  Section 23 of the same Code provides: " An order for the service of a summons upon  *  *  *  a defendant domestic corporation having *its place of business within the* city of New York may be made by the court, or a justice thereof, in the district in which the action is brought " (italics ours) under certain specified conditions.  The section then provides: " The contents of the order, the method of service of *summons*  *  *  *  shall be the same as though the summons were issued out of the Supreme Court, unless otherwise provided by the rules  *  *  *."  (Italics ours.)   There is no special provision in the rules, and we must resort to section 231 of the Civil Practice Act to determine the method of service.  Section 231 provides that " The order must direct that the service of the summons be made (1) by leaving a copy thereof, and of the order, if the defendant is a domestic corporation  *  *  *  *at its principal office or place of business* *  *  *."  (Italics ours.)

It is our view that for the Municipal Court to acquire jurisdiction under these sections the service must be made at the principal place of business in the city of New York.   Since in this particular case that is impossible, the court does not acquire jurisdiction.  To hold otherwise would grant to the Municipal Court greater power to summon defendants by substituted service than is possessed by the Supreme Court and would allow it to draw into its jurisdiction any domestic corporation having a small office or desk room in New York.

The jurisdiction of the Municipal Court is limited strictly by the terms of the statutes creating and controlling it.  It was not

the purpose of the Legislature when creating courts of limited jurisdiction to permit litigants therein to summon persons, natural or corporate, from remote portions of the State to answer suits therein. In *American Historical Society* v. *Glenn* (248 N. Y. 445) the Court of Appeals had occasion to discuss the jurisdiction of the City Court of the City of New York and the attempt to permit service of process of the City Court elsewhere than in the city of New York was disapproved in the following words: " It would make of the City Court of New York, which is a local court of inferior jurisdiction, although a constitutional court, a great spider drawing into its web by its process the flies of small suits against defendants from Montauk Point to Lake Erie who had never been within the limits of the city."

The determination of the Appellate Term appealed from, and the judgment of the Municipal Court, and the order dated November 18, 1938, and entered November 21, 1938, should be reversed, the motion for summary judgment denied and service of the summons vacated, with costs to the defendant in all courts.

MARTIN, P. J., UNTERMYER, COHN and CALLAHAN, JJ., concur.

Determination of the Appellate Term and judgment of the Municipal Court, and the order dated November 18, 1938, and entered November 21, 1938, unanimously reversed, the motion for summary judgment denied and service of the summons vacated, with costs to the defendant in all courts.