Sears, Roebuck & Co., Plaintiff, *v.* E. Warren Cromey and Rector, Warden and Vestrymen of Emanuel Church, Defendants.

Municipal Court of New York, Borough of Manhattan, Third District, April 4, 1941.

*Harry J. Zweibel*, for the plaintiff.

*Angela M. Deegan*, appearing specially for the alleged corporate defendant herein.

Whalen, J. Defendant Rector, Warden and Vestrymen of Emanuel Church appears specially herein and moves to set aside the service of the summons upon said defendant, a domestic religious corporation, on the ground that the court has acquired no jurisdiction of said defendant. The summons was served on an officer, namely, a warden, of the corporation, at his law office in the city of New York. In the affidavit annexed to the notice of special appearance required by section 88 of the Municipal Court Code, the ground of the objection is stated to be that said defendant has its situs in the county of Suffolk, State of New York, where it has all its physical properties and carries on all its corporate functions and that it has no place of business and transacts no business and has no agent in the city of New York and that, therefore, it is not amenable to the service of process of this court and that the service is void.

In subdivision 4 of section 6 of the Municipal Court Code the court is given jurisdiction of actions "by or against a domestic corporation or a foreign corporation."

Its territorial jurisdiction is set forth in section 14 as follows: " The court shall have power to send its process and other mandates in an action or special proceeding of which it has jurisdiction to any part of the city of New York for service or execution, and to enforce obedience thereto, and the power and authority of said court extends to the whole of said city of New York, except as otherwise expressly prescribed in this act."

Section 21 provides, in part: " The summons may be served upon the defendant within the city of New York in like manner as though the summons issued out of the Supreme Court * * *."

There is no limitation of jurisdiction based on residence except in section 17, which deals with venue only.

When the Municipal Court was first organized, as of January 1, 1898, there was considerable controversy as to whether or not it was a new court, controlled by sections 14 and 18 of article 6 of the 1894 State Constitution, or an old court. Section 18 provided that the Legislature should not thereafter confer upon any inferior local court any greater jurisdiction than was conferred upon the County Courts; and section 14 limited the jurisdiction of County Courts, in actions for the recovery of money only, to defendants who were residents of the county.

In *Matter of Schultes* (33 App. Div. 524 [Oct. 1898]), a taxpayer's suit, the Appellate Division of the Second Department held that the Municipal Court was a new court. Following that, the Appellate Term of this department, in a number of cases, held that, inasmuch as the Municipal Court was a new court, its jurisdiction was limited by the provisions of the Constitution above referred to, and any charter provisions giving it jurisdiction over non-residents were unconstitutional and void.

It was held that the Municipal Court had no jurisdiction over foreign corporations (*Rieser* v. *Parker & Co.*, 27 Misc. 205 [April, 1899]; *McKenna* v. *Firemens Ins. Co.*, 28 id. 173 [June, 1899]); that there was no jurisdiction over an individual defendant residing in a county other than that in which the action was instituted (*Tyroler* v. *Gummersbach*, 28 Misc. 151 [June, 1899]); or against a domestic corporation defendant, having its principal place of business in a different county (*Sommer Glass Co.* v. *Nassau Show-Case Co.*, 28 Misc. 577 [July, 1899]; *Scheich* v. *German Odd Fellows Home Assn.*, 29 id. 358 [Oct. 1899]); and that the place of residence of defendant was a jurisdictional fact to be pleaded and proved, the absence of which would require a reversal of a judgment. (*Bristor* v. *Flaherty*, 30 Misc. 111 [1899].)

After these rulings came the case of *Dodge Mfg. Co.* v. *Nassau Show Case Co.* (44 App. Div. 603 [Nov. 1899]). In that case the

Appellate Division in the Second Department held that the Municipal Court had jurisdiction of the defendant, a domestic corporation, even though there was nothing in the record to show where its principal place of business was located. It expressly disapproved *Rieser* v. *Parker (supra)*. It was held that even though the Municipal Court was a new court, it had jurisdiction over non-residents and that this was not a new, but an old, jurisdiction, long prevailing in the old District Courts and in the Courts of Justices of the Peace in Brooklyn. This case has never been overruled or modified in any respect, and it seems to be determinative of the question here.

The result there arrived at was fortified when the well-known case of *Worthington* v. *London G. & A. Company* (164 N. Y. 81) was decided in October, 1900. In that case, in the trial court, there was a judgment for the plaintiff. Defendant was a foreign corporation. The Appellate Term reversed for that reason, holding that the Municipal Court had no jurisdiction over a foreign corporation, following *Rieser* v. *Parker (supra)*. The Appellate Division affirmed. The Court of Appeals reversed and remitted the case to the Appellate Term for disposition on the merits. It was held that the Municipal Court is not a new court, commenced on January 1, 1898, but that it is a continuance and reorganization of the old District Courts in New York county, and the old Justices' Courts in the First, Second and Third Districts of Brooklyn, and that, long prior to the Constitutional Convention of 1894, those courts had had jurisdiction over non-residents and that the Municipal Court, in that particular case, had jurisdiction of the defendant foreign corporation.

At one time the New York Court of Appeals, in *Pope* v. *Terre Haute Car & Manufacturing Company* (87 N. Y. 137 [1881]), held that service of a summons in this State, on a foreign corporation, by delivery thereof to its president, gave the court jurisdiction, even though the foreign corporation was not doing business in this State, had no property here, and the cause of action did not arise here, and the president of the corporation was not here on any official business, but was here on a purely individual visit on his way to a seaside resort. Later, however, in *Bagdon* v. *Philadelphia & Reading Coal and Iron Company* (217 N. Y. 432 [1916]), the Court of Appeals yielded to the contrary doctrine, announced in the United States Supreme Court, in *Riverside & Dan River Cotton Mills* v. *Monefee* (237 U. S. 189 [1915]), and held that before a foreign corporation may be subjected to the jurisdiction of the courts of this State, it must appear that the corporation is doing business here  This doctrine is restated in *Dollar*

*Company* v. *Canadian Car & Foundry Company* (220 N. Y. 270 [1917]).

The cases cited by defendant are distinguishable: *American Historical Society* v. *Glenn* (248 N. Y. 445) was a case originating in the City Court of the City of New York. It held that the summons of the City Court could not be validly served outside of the city limits. That is not in point here. In *Todd & Co.* v. *Southern Pacific Company* (88 Misc. 517) defendant was a foreign corporation. That, also, is not in point. In *Douglis* v. *N. Y. C. & St. Louis R. R.. Co.* (258 App. Div. 60) there was under consideration the question of the service of the summons in the Municipal Court by substituted service. The situation is altogether different in the case of a service of the summons by substituted service, because section 23 of the Municipal Court Code expressly limits the right to serve a summons by substituted service to " a defendant residing or a defendant domestic corporation having its place of business within the city of New York." (See *Reiter* v. *Irving*, 128 Misc. 13, as to an individual; and *Douglis* v. *N. Y. C. & St. Louis R. R. Co.*, *supra*, as to a domestic corporation.)

I hold, therefore, that the Municipal Court has jurisdiction over a domestic corporation, even though it may have its principal place of business outside of the city of New York and has no office or place of business and transacts no business in the city of New York, and even though the cause of action did not arise within the city of New York, providing service of the summons be made within the city limits upon a proper officer.

The special appearance is overruled and the defendant may answer within five days after service upon defendant's attorney of a copy of the order to be filed herewith.