Francis J. Donovan, J.
This is a small claim proceeding against a defendant who operates a business under the name of “ Budget Drive In Cleaners ”. This business is listed in the telephone book with an address and phone within Nassau County. Service of process was made by the Clerk of the court, Who mailed the appropriate notice by registered mail, return receipt requested, directed to the defendant at the address listed in the telephone book.
The registered letter was returned with the post-office notation “ Unclaimed ”. Thereafter, plaintiff caused a copy of the notice to be personally delivered to defendant in Brooklyn, New York.
The case was called for trial. Defendant orally moved to dismiss on the ground of lack of jurisdiction. The motion was denied and the case marked “ Beady ”. Defendant deliberately walked out of the court. An inquest was taken and judgment rendered in favor of plaintiff.
Defendant now moves by order to show cause and affidavit to vacate the judgment and dismiss the claim for lack of jurisdiction.
The question presented by this motion seems to be without precedent in the reported cases. At every session of the court, there is a substantial number of cases where defendants seek to evade the court’s jurisdiction by refusing to accept delivery of the registered letters containing small claim notices. Sometimes the post office returns the letter with a notation ‘ ‘ refused ’ ’ and sometimes ‘ ‘ unclaimed ’ ’.
Buie III of the Buies for Small Claims of the Nassau County District Court is designed to prevent the thwarting of justice by such practice. Their rule provides, in part, The notice shall be valid, although refused by the defendant and therefore not delivered. If the notice is returned undelivered without refusal by the defendant, or if in any other way it appears that notice has not reached the defendant, the clerk .shall issue at the expense of the plaintiff, such other or future notice as the Court may order and note same on the Docket
The jurisdiction of the District Court is not dependent upon residence of defendant within the county, provided that the service of process is effected within Nassau County. (Sears, Roebuck & Co. v. Cromey, 176 Misc. 163; Worthington v. London Guar. and Acc. Co., 164 N. Y. 81.)
Service of process in a small claim is effected by registered mail directed to a defendant at an address maintained by him *943 for the receipt of mail in Nassau County, This is the premise upon which rule III sustains jurisdiction, where defendant refuses to accept the registered letter.
The return of the registered letter as unclaimed in a case where the letter is directed to a defendant at a business establishment maintained in this county and publicly advertised as his place of business can only mean that he has “refused” the notice. At that point, the court had acquired jurisdiction without the necessity of further notice and this court has exercised jurisdiction on that basis. The jurisdiction is not dependent on the service of the additional notice on defendant in Brooklyn. It would be absurd to hold that this extra effort to be certain that defendant had actual notice of the proceeding should impair the jurisdiction already acquired.
The situation is analogous to that which prompted enactment of section 229-b of the Civil Practice Act. The latter act has been liberally construed to accomplish its purpose, namely to compel nonresidents engaged in a regular course of business in New York State .to submit to the jurisdiction of the courts of our State in respect to litigations arising in connection with that business. (Miller v. Swann, 176 Misc. 607.)
Substantial justice and liberal construction require that the Small Claims Title of the Nassau County District Court Act and rule III of this court be construed to prevent nonresident owners of businesses established in Nassau County from avoiding the jurisdiction of our court, by refusing delivery or deliberately ignoring small claim notices properly directed to them at their regularly established places of business. Motion denied.