WILLIS v. PARKER.

(Supreme Court, Appellate Term. March 5, 1900.)

1. APPEAL—MUNICIPAL COURT—JURISDICTION—RECORD.
    Where the record, in an action in a municipal court, fails to show that defendant resided within the territorial jurisdiction of the court, the objection that the court had no jurisdiction may be taken for the first instance on appeal.

2. COSTS ON APPEAL—DISCRETION OF COURT.
    Under Greater New York Charter, § 1367, making costs on an appeal from a municipal court discretionary with the appellate term when a judgment is reversed and a new trial ordered, costs will be refused where the reversal was based on an objection available on the trial, but taken for the first time on appeal.

Appeal from municipal court, borough of Manhattan, Tenth district.

Action by Henry Willis against Samuel W. Parker. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before TRUAX, DUGRO, and SCOTT, JJ.

Roscoe E. Ingalls, for appellant.
Henry Staton, for respondent.

PER CURIAM. The appellant suggests that it nowhere appears in the record that the defendant is a resident of the city of New York, and therefore insists that the judgment must be reversed for lack of jurisdiction in the municipal court. This objection was not taken below, but is now taken for the first time. It was held by the court in Tyroler v. Gummersbach, 28 Misc. Rep. 151, 59 N. Y. Supp. 266, 319, that, when the record in an action brought in a municipal court fails to show the jurisdictional fact that the defendant resided within the territorial jurisdiction of the court, it has no power to render a judgment against him, and he may take the objection in the first instance on appeal. It is most important that uniformity of practice should prevail in the municipal courts and upon appeal therefrom, and we do not, therefore, feel at liberty to re-examine the question so exhaustively discussed, and evidently carefully considered, in the case above cited. The statute, however, authorizes the most informal pleadings in the municipal courts, and when such pleadings are permitted each complaint must, in the very nature of the case, be deemed to contain every allegation necessary to sustain the cause of action stated, including the essential jurisdictional facts. Proof of these jurisdictional facts would therefore be relevant under such a pleading. Upon the new trial which must follow upon a reversal of the judgment, the plaintiff may be able to prove that the defendant does reside within the territorial jurisdiction of the municipal court. The fact that the appellant did not raise the objection below indicates either that he, as well as the plaintiff, overlooked the defect as to the jurisdiction, or that he elected to take the chance of a favorable decision below, and, failing that, the certainty of a reversal upon this objection on appeal. The municipal courts are organized for the purpose of affording to parties having controversies involving small amounts a speedy and inexpensive method of having their differences judicially adjusted. Hence the practice of reserving for use, on appeal, an objection which can and ought to be taken below, is not to be encouraged. Under section 1367 of the Greater New York charter, costs upon appeal rest in the discretion of this court when a judgment is reversed and a new trial ordered. We think that it would be a proper exercise of this discretionary power to refuse costs in a case like the present, where the reversal of the judgment is based upon an objection which was available in the court below, but was not taken there.

The judgment must be reversed, and a new trial ordered in the municipal district in which the action was brought, but, under the circumstances, without costs.