## MEUTHEN v. EYELIS.

(Supreme Court, Appellate Term. June 13, 1900.)

APPEAL—RECORD—JURISDICTIONAL FACTS.

Where, on appeal from a municipal court, the record does not show that defendant was a resident of the city, the judgment must be reversed, as the record must show the jurisdictional facts.

Appeal from municipal court, borough of Manhattan, Tenth district.

Action by William A. Meuthen against John H. Eyelis. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GORMAN, JJ.

F. X. McCoffrey, for appellant.
M. Strassman, for respondent.

PER CURIAM. It nowhere appears in the record that the defendant was at the time of the commencement of the action, or in fact at any other time, a resident of the city of New York, as the same now exists. It is settled in this court that for the absence of such proof the judgment must be reversed, inasmuch as it is essential to the validity of the proceedings that the jurisdictional facts should affirmatively appear upon the face of the record. Tyroler v. Gummersbach, 28 Misc. Rep. 151, 59 N. Y. Supp. 266, 319; Willis v. Parker, 30 Misc. Rep. 750, 62 N. Y. Supp. 1078. The judgment in this case must therefore be reversed, and a new trial ordered, but, inasmuch as the objection was not taken below, without costs. Willis v. Parker, supra.

Judgment reversed, and a new trial ordered, without costs.