ROSE v. BRADY et al.

(Supreme Court, Appellate Term. June 13, 1900.)

APPEAL—INFERIOR COURT—RECORD—RESIDENCE OF DEFENDANT.
    Where the record on appeal from a judgment of an inferior court against defendant fails to show the residence of defendant, such judgment will be reversed.

Appeal from municipal court, borough of Manhattan, Ninth district.

Action by Charles Rose against Thomas F. Brady and others. From a judgment in favor of plaintiff, defendants appeal. Reversed.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GORMAN, JJ.

Thomas W. McKnight, for appellants.
Frederick M. Lincoln, for respondent.

PER CURIAM. It has been repeatedly held that all the facts necessary to confer jurisdiction upon an inferior court must appear in the record. The record contains no proof of the residence of the defendants, and, as this defect is one which may be asserted for the first time on appeal (Tyroler v. Gummersbach, 28 Misc. Rep. 151, 59 N. Y. Supp. 266, 319), the judgment must be reversed, and a new trial ordered, but, under the circumstances, without costs (Willis v. Parker [Sup.] 62 N. Y. Supp. 1078).

Judgment reversed, and a new trial ordered, without costs.