KATZ v. SCHRECKINGER.

(Supreme Court, Appellate Term.    December 11, 1906.)

1. LANDLORD AND TENANT—RENT—HOLDING OVER.

Where the tenant of two stores and the basements beneath had for several years paid a specified sum per month for each store and basement, and it was agreed between the landlord and tenant that after a certain date the tenant would vacate one store, but he continued after that date to occupy the basement beneath the store, such occupation rendered him liable for the full rental of the store and basement.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, § 796.]

2. COURTS—MUNICIPAL COURT—ACTION FOR POSSESSION—JUDGMENT.

Municipal Court Act, Laws 1902, p. 1561, c. 580, § 248, provides that, where a plaintiff fails to appear at the time specified in the summons or on adjournment, the action must be dismissed. Held, that where, in pro-

ceedings in the Municipal Court by a landlord to dispossess the tenant, the parties appeared, and an answer was filed, and a jury trial demanded, and thereafter the cause was tried, the jury rendering a verdict for the tenant, but it was set aside, and the cause set down for retrial on a subsequent date, the fact that neither party appeared on such date gave the court no authority to enter a final order in favor of the landlord.

3. SAME—PRESUMPTIONS AS TO JURISDICTION.

The Municipal Court of the city of New York being one of limited jurisdiction, no presumptions can be invoked in favor of its jurisdiction.

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Moses Katz against Abraham Schreckinger. Appeals by defendant from a final order in dispossession proceedings and from an order vacating and setting aside a verdict in his favor. Appeals dismissed.

Argued before GILDERSLEEVE, FITZGERALD, and DAVIS, JJ.

Esther Kunstler, for appellant.

Samuel Manheimer, for respondent.

GILDERSLEEVE, J. Alleging that the defendant was indebted to him for a balance due for the rent of two stores and the basements underneath the same, the plaintiff instituted summary proceedings to recover possession of the premises. The case was tried on June 13, 1906, before a jury, and a verdict rendered in favor of the tenant. On June 18, 1906, upon a motion made by the landlord, the verdict was set aside and a new trial ordered, the date for which was fixed at June 20, 1906. The defendant appeals from the order setting aside the verdict, and also from what purports to be a final order made after an inquest taken on June 20, 1906.

The setting aside of the verdict of the jury was fully warranted by the evidence given upon the trial. It appeared that the defendant had occupied the premises for three years prior to May 1, 1906; that he had paid $29 per month for the rent of each store and basement and $16 per month for living rooms over the stores. On May 1, 1906, the landlord raised the rent for the stores $5 per month, and, the tenant refusing to pay the increased rent, proceedings were taken to dispossess him. The parties came to an understanding, however, by the terms of which the tenant paid for the month of May $2 more rent on each store and continued to occupy the premises as formerly. It is the contention of the tenant that at this time he told the landlord that after June 1st he would have one store empty and would only want one store for the year. This agreement is denied by the landlord, and, while there is some evidence that upon June 1st the tenant vacated one of the stores, it is undisputed that he continued to occupy the basement underneath the vacated store, and was still in such occupancy at the time of the trial. There is no proof that the rental of the store alone above the basement was to be at any certain amount, and the basement and store were rented as one entire premises. The continued occupation by the tenant of a portion of the demised premises, therefore, made him liable for the full rental agreed to be paid, in the absence of any agreement

that his ceasing to occupy the store above the basement should reduce the rent in some proportionate amount. The verdict of the jury was therefore against the evidence, and was properly set aside.

The record, however, fails to show that a valid final order was entered upon June 20, 1906, the time fixed by the order setting aside the verdict and for the new trial. The record shows that the landlord appeared on June 11th, and that the tenant appeared and filed an answer and demanded a jury trial, and the case was tried June 13th; the jury rendering a verdict for the tenant, which was set aside and the case set down for retrial on June 20, 1906. So far the proceedings seem to be regular, but what happened on June 20th does not appear. Attached to one of the pages of the return is a precept, blank upon its front page, but on the back appears the following words, so far as they are material:

"The landlord appears on the 11th day of June, 1906, and demands rent or possession of the premises. * * * The tenant appears. Inq. Final order is therefore made the 20th day of June, 1906, in favor of the landlord. * * *"

This is signed by the justice. It nowhere appears that there was any appearance on the part of either party on June 20, 1906. There was a trial on June 13th, as before stated, and as to what occurred on June 20th the record is barren of recital. So far as is shown by the return, neither party appeared in court on June 20th, and clearly the justice had no right to enter a final order on June 20th, simply because there was an appearance of the parties on June 11th, or a trial on June 13, 1906. The Municipal Court is of limited jurisdiction, and jurisdiction must be made to appear, and no presumption can be invoked in its favor. Tyroler v. Gummersbach, 28 Misc. Rep. 151, 59 N. Y. Supp. 266. Summary proceedings are also statutory, and the statute must be strictly followed. Section 248 of the Municipal Court act (Laws 1902, p. 1561, c. 580) provides that the action must be dismissed without prejudice when the plaintiff fails to appear at the time specified in the summons or upon adjournment. The proceedings should have been dismissed for want of appearance, and it must be so regarded by this court.

Appeals dismissed, without costs. All concur.